BOUTALL, Judge,
dissenting.
In brief this is a situation where a land owner privately subdivided his tract of land and sold two lots, otherwise enclosed, fronting on a private road, Roblaine Street. Some years later he resubdivided the land, changing Roblaine Street into Lot 69D and sold it to his son who has refused to permit passage across the lot.
Although I recognize the principle that third party purchasers should only be bound by the public record, I do not believe that this is the proper principle to apply in this case. I believe the controlling principle to be the right of passage expressed in Civil Code Article 701 as it read in 1964:
“It is not always the owner of the land which affords the shortest passage who is obliged to suffer the right of passage; for if the estate, for which the right of passage is claimed, has become inclosed by means of sale, exchange or partition, the vendor, coparcener or other owner of the land reserved, and upon which the right of passage was before exercised, is bound to furnish the purchaser or owner of the land inclosed with a passage gratuitously, and even when it has not been sold or transferred with the rights of servitude.”
Effective January 1, 1978, that article was succeeded by a different numbered Article 694 which reads as follows:
Art. 694. Enclosed estate; voluntary alienation or partition
“When in the case of partition, or a voluntary alienation of an estate or of a *769 part thereof, property alienated or partitioned becomes enclosed, passage shall be furnished gratuitously by the owner oí tne lana on wmcn tne passage was previously exercised, even if it is not the shortest route to the public road, and even if the act of alienation or partition does not mention a servitude of passage.”
Regardless of the misdescription of the lots, there was no doubt in the minds of the parties at that time that the lots were otherwise enclosed and fronted on Roblaine Street which was to be used for the exercise of the right of passage. The right of passage was not included in the act of sale and so it is not a conventional servitude, but solely the legal servitude required in old Article 701. Indeed it is also required by new Article 694. Old Article 664 provides that the servitudes imposed by law are established for the utility of individuals, and old Article 666 imposes upon the proprietors of land various obligations toward one another, independent of all agreements. While such servitudes may be conventionally changed or altered, and while the owner of the subservient estate may change the place as in old Article 703, he cannot convey the land to others and destroy the legal servitude. As noted in new Article 659, legal servitudes are limitations on ownership established by law.
Accordingly, I am of the opinion that the property formerly designated at Roblaine Street and now designated as Lot 69D is still subject to the legal servitude of passage of the owners of Lots No. 2 and 3. Accordingly, I would reverse the judgment of the trial court and enjoin interference with that right.